UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14039-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANNIEL GOMEZ,

    Defendant.
_____/

FILED by ___ D.C.

MAY 30 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE MOTION TO SET ASIDE AND/OR VACATE PLEA [D.E. #376]

**THIS CAUSE** having come on to be heard upon an Order of Reference from the District Court in respect to the above referenced motion and this Court having reviewed the motion together with the previous Motion To Vacate filed by the Defendant herein [D.E. #345] and this Court's Report and Recommendation dated March 27, 2008, in respect to the previous Motion To Vacate [D.E. #345] and this Court finding that the present pro se Motion To Set Aside And/Or Vacate [D.E. #376] is virtually identical as to the grounds and issues raised by the Defendant, this Court recommends to the District Court as follows:

1. In the Defendant's previous Motion To Vacate [D.E. #345], the Defendant complained that his plea was not freely and voluntarily made. The Defendant suggested that he was coerced into entering the guilty plea and that he did not realize the consequences of his plea.

2. In the present Motion To Vacate [D.E. #376] filed by the Defendant pro se, he complains that he speaks little or no English, in spite of the fact that all proceedings before this Court were handled through a certified court interpreter. The Defendant also

claims that he "may" have entered the guilty plea in March of 2008 and is awaiting sentencing. The pro se motion further goes on to state that the Defendant never intended to plead guilty to a homicide, in spite of the fact that he did not plead guilty to any homicide as this Court's previous Report and Recommendation indicates. The Defendant asserts that he only intended to plead guilty to the marijuana charge, which is exactly what the Defendant pled guilty to. Further, the motion states that he was unfairly prejudiced into signing the plea agreement which has already been argued before this Court. The Defendant further argues that his "Public Defender" said to agree with whatever the Judge says no matter what and that his attorney never told him that the plea agreement had the Defendant admitting guilt to the homicide, which it does not. Finally, the Defendant makes general due process deprivation claims and asks to be allowed to withdraw his plea concerning the homicide, to which he has not pled guilty.

3.      This Court finds that the present motion [D.E. #376] is virtually identical as to the grounds asserted by the Defendant previously in his Motion To Vacate [D.E. #345]. In respect to the previous Motion To Vacate [D.E. #345], this Court held an evidentiary hearing on March 26, 2008 wherein the Defendant was represented by counsel, who was different from his counsel who represented him at the time of the entry of his guilty plea. This Court utilized the services of the certified court interpreter. This Court is not going to go back through every word concerning the testimony and evidence received by this Court at the hearing on March 26, 2008. The District Court has the transcript of the change of plea in this case as well as this Court's previous Report and Recommendation dated March 27, 2008 as referenced by this Court herein.

2

4.     The law has not changed since this Court issued its Report and Recommendation on March 27, 2008, nor has this Court's analysis of the facts alleged by the Defendant. The transcript of the change of plea bears out the normal procedure that this Court follows in all cases involving a guilty plea. The certified court interpreter translated all proceedings and this Court finds that the Defendant's claim to understand little or no English as being an impediment to his understanding the plea agreement and the change of plea proceedings is not substantiated by the record. The transcript of the change of plea hearing speaks for itself as to the Defendant's understanding of the charges against him, the consequences of his guilty plea, and all other answers given by the Defendant in respect to this Court's inquiry at the change of plea hearing.

5.     This Court is not going to reiterate each of those issues. This Court refers the District Court to this Court's previous Report and Recommendation, paragraphs 25A through BB, which outlines each and every salient point of the change of plea and the Defendant's responses in respect thereto.

6.     There are no new facts or evidence set forth in the pro se Motion To Vacate [D.E. #376] which were not heard, argued and presented during this Court's previous hearing on the Motion To Vacate [D.E. #345]. The Defendant has not substantiated to any degree that he was coerced into entering a guilty plea nor that he did not understand the consequences of his plea. This Court made that specific finding and sets that forth in its Report and Recommendation of March 27, 2008 in paragraph 27. The Defendant understood the nature of the charges, the possible penalties that he was facing, the charges that he was pleading guilty to, and the consequences of his plea.

3

7.	As this Court previously stated in its Report and Recommendation, the Defendant does not have an absolute right to withdraw his guilty plea. United States v. Beltran, 2008 WL 375925 (11th Cir. 2008). The Defendant has had close assistance of counsel at all times during this case whether they be at critical or non-critical stages of the proceedings pending against him. The Defendant's guilty plea was knowing and voluntary and that is borne out by the transcript of the change of plea and this Court's findings in its previous Report and Recommendation.

8.	As this Court previously stated in its March 27, 2008 Report and Recommendation, this matter appears to "boil down" to the fact that the Defendant claims to have not known that the conduct relating to his uncle's murder, stated clearly in the government's proffer at the time of his guilty plea, would be given "points" as relevant conduct which the District Court can consider at his sentencing. The fact that the Defendant may disagree at this point as to the points assessed and/or other recommendations made by the United States Probation Office in the Pre-Sentence Investigation does not serve as a legal basis or even a factual basis to justify permitting the Defendant to withdraw his plea of guilty. See United States v. Curbelo, 2007 WL 4415216 (11th Cir. 2007). This Court cited to Curbelo in its previous Report and Recommendation of March 27, 2008. The plea agreement in Curbelo advised the Defendant that the receipt of any safety valve sentencing was contingent on his eligibility and that any such sentencing recommendation was not binding on the District Court, just as it is set forth in the plea agreement in this Defendant's case before the Court now. Just as in this case, Curbelo was advised by the court that any estimate of sentence given to him by his attorney was not binding on the District Court in regards to sentencing. The Eleventh

Circuit even held further in <u>Curbelo</u> that the District Court's failure to advise the defendant of the consequences of his guilty plea, namely the applicable mandatory minimum sentence, did not render his guilty plea invalid as the plea agreement advised him that his charge carried a ten year minimum mandatory term of imprisonment.

9.   In this case, the Defendant was clearly advised of the charges and all possible penalties that he was facing. It is not required that the Court go through every possible consequence or issue that may be raised in the Pre-Sentence Investigation and this is why the Defendant is advised at the conclusion of the change of plea hearing that he has a right to read and file any objections to the Pre-Sentence Investigation prior to his sentencing hearing. This was done in this case and the Defendant acknowledged that he understood his rights in that regard.

10.  In summary, this Court finds that the pro se Motion To Vacate [D.E. #376] which is before this Court is identical in facts and allegations as to the Motion To Vacate [D.E. #345] which this Court has previously ruled upon. The Defendant cannot keep filing motions to vacate alleging the same grounds and thereby thwart the District Court's proceeding with a sentencing hearing in his case. The Defendant has no basis for vacating his guilty plea. This is clear based upon the transcript of the change of plea hearing, the evidence and testimony received by this Court at the evidentiary hearing on March 26, 2008, this Court's previous Report and Recommendation dated March 27, 2008, and the Motions To Vacate [D.E. #345] and [D.E. #346] filed by the Defendant. There is no basis for any further review nor any further evidentiary hearings in this regard since the issues raised by the Defendant have already been addressed by this Court previously in an evidentiary hearing and its Report and Recommendation of March 27, 2008.

11.   The Defendant is represented by counsel and can obtain a copy of this Report and Recommendation from his attorney.

**ACCORDINGLY**, this Court recommends to the District Court that the pro se Motion To Vacate [D.E. #376] be **DENIED**, and that this matter proceed to sentencing at the time and place already set by the District Court.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 30th day of May, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Diana Acosta
Wilbur Chaney, Esq.